Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| ANGEL L. MARTÍNEZ REYES **Peticionario** | | Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce |
|---|---|---|
| V. | KLRX202400014 | Civil. Núm. PP-269-24 |
| ESTADO LIBRE ASOCIADO DE P.R. **Recurrido** | | Sobre: Servicios Dentales |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 18 de noviembre de 2024.

I.

El 23 de septiembre de 2024, el Sr. Ángel L. Martínez Reyes (señor Martínez o peticionario), miembro de la población correccional, compareció ante nos, por derecho propio, mediante una *Moción de Mandamus* […] mediante la cual solicitó que le ordenáramos al departamento de salud de la institución correccional de Ponce a que le otorgara una cita médica dental para atenderse un asunto relacionado a su muela.

Ante ello, el 29 de octubre de 2024, emitimos una *Resolución* concediéndole diez (10) días al Departamento de Corrección y Rehabilitación (DCR) para que cumpliera con lo siguiente: (1) entregara el formulario de indigencia debidamente juramentado por el peticionario y (2) que nos informara en qué etapa se encontraba la cita del peticionario para atender su condición de salud dental por el cual estaba tomando medicamentos recetados por *Physician Correctional*. Oportunamente, el DCR compareció ante nos y presentó el formulario de indigencia debidamente juramentado, el cual declaramos Ha Lugar. Además, presentó una *Moción en Cumplimiento de Resolución* y nos indicó que la cita dental del peticionario tuvo lugar el 12 de noviembre

de 2024. Para evidenciar lo antes expuesto, nos anejó un documento certificando la cita y lo que se le realizó al peticionario en cuanto a su condición dental.

II.

El principio de justiciabilidad requiere que los tribunales limiten su intervención para resolver controversias reales y definidas que afecten las relaciones jurídicas de partes antagónicas u opuestas. *Pueblo v. Díaz, Rivera,* 204 DPR 472, 481 (2020). Conforme a este principio, los tribunales sólo deben evaluar controversias que sean justiciables, es decir, no deben atender controversias hipotéticas, abstractas o ficticias. *Moreno v. Pres. U.P.R. II*, 178 DPR 969, 973 (2010).

Siendo esto así, nuestro ordenamiento jurídico reconoce la doctrina de academicidad como una manifestación del principio de justiciabilidad, pues, aunque se cumplan todos los criterios para que el caso se considere justiciable, si ocurren cambios en los hechos o el derecho durante el trámite judicial que conviertan en ficticia o académica su solución, los tribunales deben abstenerse en intervenir. *Torres Santiago v. Depto. Justicia,* 181 DPR 969, 982 (2011). El propósito de la doctrina de academicidad "es evitar el uso inadecuado de los recursos judiciales y obviar precedentes innecesarios". *Moreno v. Pres. UPR II,* supra, pág. 973-974.

Un caso es académico "cuando la cuestión en controversia pierde eficacia ante el paso del tiempo, ya sea porque ocurrieron cambios en los hechos o en el derecho, y la misma se vuelve inexistente". *Pueblo v. Diaz Alicea,* supra, pág. 481. En otras palabras, un caso es académico cuando se intenta obtener: (1) un fallo sobre una controversia disfrazada o que no existe; o (2) una determinación sobre un derecho antes de que lo hayan reclamado; o (3) o una sentencia sobre un asunto que, al emitirse no podrá tener efectos prácticos sobre una controversia existente. *Torres Santiago v. Depto. Justicia, supra,* pág. 982.

El Tribunal Supremo de Puerto Rico ha reconocido ciertas excepciones en la aplicación del principio de academicidad, esto es: "(1) cuando se plantea ante el foro judicial una cuestión recurrente o susceptible de volver a ocurrir y que tienda a evadir la revisión judicial; (2) cuando la situación de hechos ha sido modificada por el demandado, pero el cambio no aparenta ser permanente, y (3) cuando se tornan académicos aspectos de la controversia, pero subsisten consecuencias colaterales vigentes". *Pueblo v. Diaz Alicea,* supra, pág. 482. Así, al evaluar la doctrina de academicidad y la aplicación de sus excepciones, los Tribunales debemos tomar en consideración "los eventos anteriores, próximos y futuros, y así determinar si la controversia entre las partes sigue viva y subsiste con el tiempo". *Torres Santiago v. Depto. Justicia,* supra*,* pág. 982-983.

### III.

Examinada la *Moción en Cumplimiento de Resolución* que presentó el DCR mediante la cual informó que el 12 de noviembre de 2024 el señor Martinez tuvo su cita dental, resolvemos que la controversia ante nuestra consideración se tornó académica. Es decir, la cuestión en controversia perdió eficacia ya que se atendió el asunto solicitado por el peticionario. En consecuencia, conforme al derecho reseñado y a la Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, R. 83, procede la desestimación del recurso.

### IV.

Por los fundamentos expuestos, ***desestimamos*** el presente recurso por académico.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones